BALL & ROLLER BEARING CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15233.   Promulgated March 14, 1929.

*Barry Mohun, Esq., Henry F. Parmelee, Esq.,* and *Avery Tompkins, Esq.,* for the petitioner.

*B. M. Coon, Esq.,* and *William J. Carroll, Esq.,* for the respondent.

OPINION.

SMITH: That an application for letters patent is property subject to inclusion in invested capital has been many times decided by this Board. *Individual Towel & Cabinet Service Co.*, 5 B. T. A. 158; *Starbuck, Administrator*, 13 B. T. A. 796; *Hershey Mfg. Co.*, 14 B. T. A. 867. The respondent contends that the application for patent on the Heim centerless grinder was paid in to it for the nominal consideration of one dollar and not for shares of stock. The evidence, however, completely refutes this contention. There is no question but that Heim was fully cognizant of the value of his invention and that he intended to and did pay it in to the petitioner corporation in exchange for $100,000 par value of capital stock. Letters patent were not granted on this invention until 1917. It is apparent, however, from the entire record that the invention was something absolutely new in the art of grinding cylindrical bearings. The field for the use of such bearings was practically unlimited. Numerous competent witnesses have testified as to the value of the invention and some of these competent witnesses have testified that in their opinion the value was much in excess of $100,000. The petitioner has sustained the burden of proving an actual cash value of the application for patent of at least the $100,000 contended for.

The Letters Patent No. 1,210,937, issued on the application for patent on January 2, 1917, had a cash value of $100,000. A reasonable allowance for the exhaustion of the patent for each of the taxable years was one-seventeenth of $100,000.

*Judgment will be entered under Rule 50.*